# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CRIMINAL ACTION NO. 3:11-CR-91

**UNITED STATES**                                                                                **PLAINTIFF**

**V.**

**GREGORY LOVELAND**                                                    **DEFENDANT**

## MEMORANDUM OPINION & ORDER

This matter is before the Court upon Defendant Gregory Loveland's Motion for Revocation of Detention Order and Request for Hearing (DN 11). The Government has responded (DN14). For the following reasons, Defendants motion is DENIED.

## BACKGROUND

Defendant is charged with manufacturing marijuana, 100 plants or more. Defendant was present when a search warrant was executed at the house he shared with his mother and stated that he was responsible for growing the 125 marijuana plants found in his basement. A detention hearing was held before Magistrate Judge Moyer on August 15, 2011. At the conclusion of that hearing, Judge Moyer ordered Defendant detained pending trial, finding that although Defendant did not pose a risk of flight, he did not rebut the statutory presumption that no condition or combination of conditions would reasonably assure the safety of the community.

## STANDARD

The Court reviews an appeal of a magistrate judge's order of detention *de novo*. *United States v. Hurtado*, 779 F.2d 1467, 1480 (11th Cir. 1985); *United States v. Leon*, 766 F.2d 77 (2d Cir. 1985). In reviewing the appeal, the Court "may 'start from scratch' and hold a new hearing

or review the transcripts of the proceedings before the magistrate." *United States v. Hammond*, 204 F.Supp.2d 1157, 1162 (E.D. Wis. 2002).

Under the Bail Reform Act, a defendant must be detained pending trial if a judge "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. 18 U.S.C. § 3142(e). A judge's finding that the defendant poses a threat to the safety of any other person in the community must be supported by clear and convincing evidence. *Id*. at 3142(f)(2)(B). However, when the judicial officer finds that there is probable cause to believe that the defendant committed one of the crimes listed in § 3142(e)(3), there is a presumption in favor of detention: "[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." *Id*. at § 3142(e)(3). The presumption of § 3142(e)(3) imposes only a burden of production on the defendant, requiring the defendant to come forward with evidence that he poses no danger to the community or is a risk of flight. However, even when a defendant satisfies his burden of production, the presumption favoring detention does not disappear entirely but remains a factor to be considered among those weighed by the court. It is the government's ultimate burden to prove that no conditions of release can assure that the defendant will appear and to assure the safety of the community.

## ANALYSIS

1. **Need for a Hearing**

Although Defendant has requested a second detention hearing, the court finds that hearing will not be necessary. Neither the defendant nor the government has put forth any additional evidence or information is support of detention or release. Additionally, there are few if any

facts relevant to this determination in dispute. Accordingly, the Court will rely on the recorded proceedings before the magistrate judge in reviewing Defendant's appeal.

   2.  **Detention of Defendant Pending Trial**

A grand jury returned an indictment against Defendant for "knowingly and intentionally manufactur[ing] 100 or more marijuana plants, a Schedule I controlled substance." Indictment, DN 1. "A grand jury indictment, by itself, establishes probable cause to believe that a defendant committed the crime with which he is charged." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (citing *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985)). This finding of probable cause to believe Defendant committed an offense for which a maximum term of imprisonment of ten years or more is provided in the Controlled Substances Act triggers the presumption of detention under § 3142(e)(3).

   The defendant has put forth some evidence to rebut the statutory presumption. He is a life-long resident of the community and lives with his mother for whom he is the sole support. Defendant is employed full-time as an electrician with Vulcan Fire Systems, and the owner of the company confirmed that Defendant would keep his job if released. Although this evidence focuses mainly on Defendant's risk of flight rather than the danger he poses to the community, he has put forth some evidence to meet his burden of production. However, this presumption remains a factor to be considered by the Court along with the other factors listed in § 3142(g). In considering whether the government has met its burden, the Court must consider the following factors:

> (1) the nature and circumstances of the offense charged, including whether the offense ... involves ... a controlled substance;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including-
> > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past

> conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release....

18 U.S.C. § 3142(g).

The Court will examine each factor in turn. First, the nature and the circumstances of the offense charged are serious. Defendant allegedly manufactured over 100 plants of marijuana in his basement. Congress thought that it was especially significant if the offense "involved a controlled substance." Accordingly, this factor weighs in favor of a finding of dangerousness.

Second, the weight of the evidence against the defendant is strong. This factor goes to the weight of the evidence of dangerousness and risk of flight, not the weight of the evidence of the defendant's guilt. *Stone*, 608 F.3d at 948. The marijuana plants were found during the execution of a search warrant on Defendant's home. During the search, Defendant admitted that he was responsible for growing the marijuana plants in the basement. Accordingly, this factor weighs in favor of a finding of dangerousness.

Third, Defendant's history and characteristics show that he has strong ties to the community: Defendant has lived in the community his whole life, is employed and will keep his job if he is released, and supports his mother. However, Defendant has been convicted of several crimes: Conspiracy to Robbery in the First Degree, Burglary in the Second Degree, Illegal Possession of LSD, and Resisting Arrest. There is also a charge of terroristic threatening pending against Defendant. Accordingly, this factor weighs against finding Defendant a flight risk but in favor of a finding of dangerousness.

Lastly, the release of Defendant would pose a danger to the community. Defendant is charged with growing over 100 plants of marijuana in his basement. Releasing Defendant back to his home—even with conditions such home confinement and electronic monitoring or third party custody—will not reasonably assure that he will cease growing marijuana plants in his home, the place where the crime charged is alleged to have occurred. Additionally, other conditions of release recognized by the Bail Reform Act will not reasonably assure the safety of the community. Conditions such as maintenance of employment, restrictions on travel, reporting to a probation officer, curfews, prohibition of firearms or dangerous weapons, abstinence from drugs or alcohol, or bonds do not offer reasonable assurance that Defendant will not continue growing marijuana plants. Accordingly, the factor weighs in favor of dangerousness.

Considering all the relevant factors of § 3142(g) as well as the statutory presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community, the Court finds that Defendant is not a flight risk but that no conditions of release will reasonably assure the safety of the community.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Revocation of Detention Order (DN 11) is DENIED.